IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VONDA REESE, | ) | Case No. 3:21-CV-3 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| NORTHWEST BANK, NORTHWEST | ) | |
| BANCSHARES, INC., JONATHAN E. | ) | |
| ROCKEY, MICHAEL J. MCANDREW, | ) | |
| AND DEBORAH S. BENDER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Pending before the Court is Defendant Michael J. McAndrew and Defendant Debra S. Bender's[1] Partial Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6) and brief in support. (ECF Nos. 5, 6) McAndrew and Bender ("Moving Defendants") contend that Plaintiff Vonda Reese failed to exhaust her administrative remedies for her Pennsylvania Human Relation Act ("PHRA") claim against them and, therefore, she has failed to state a claim for relief against them. The Motion is fully briefed (ECF Nos. 5, 6, 10) and ripe for disposition. For the following reasons, the Court **DENIES** Moving Defendants' Motion.

I.   **Jurisdiction and Venue**

Because Plaintiff's Age Discrimination in Employment Act ("ADEA") and Title VII claims arise under federal law, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] The Partial Motion to Dismiss states that the proper spelling of Bender's first name is Debra, not Deborah. The Court has not received a motion to correct the spelling of her first name, so will not change the spelling of her name in the caption at this time. However, the Court will use the proper spelling in the body of this Memorandum Order.

This Court has supplemental jurisdiction over Reese's PHRA claims because they form part of the same case or controversy as her ADEA and Title VII claims. 28 U.S.C. § 1367. Venue is proper because the events giving rise to Plaintiff's claims occurred in the Western District of Pennsylvania. 28 U.S.C. § 1391(b)(2).

## II. Factual Background

### A. The Complaint

The Court draws the following facts, which it accepts as true for purposes of deciding this Motion, from Reese's Complaint. (ECF No. 1) In addition, the Court only includes facts relevant to the resolution of this motion.

Northwest Bank is a full-service financial institution that operates branch offices in several states, including Pennsylvania. (*Id.* ¶ 11)

Vonda Reese is a 54-year-old woman who worked for Northwest Bank for over 32 years. (*Id.* ¶¶ 3, 12). Northwest employed Reese from April 1987 until November 26, 2019. (*Id.* ¶ 12) During that time, she held various roles, received positive reviews, and was repeatedly promoted. (*Id.* ¶¶ 13–16)

In 2015, Northwest Bank promoted Reese to Assistant Vice President/Cash Management Advisor ("CMA"), and she began reporting directly to Central Region President Jon Rockey. Reese was the only female Business Partner ("BP") in the Central Region for most of her time as CMA. (*Id.* ¶ 17) Male BPs and managers often received preferential treatment. (*Id.* ¶ 18) In her Complaint, Reese alleges a series of incidents occurring between 2015 and 2019, complaints she made to Northwest Bank's Human Relations Department ("HR") as well as allegations of

discrimination that she made during that time, the specifics of which are not necessary to recount for resolution of this motion. (*Id.* at ¶¶ 18–74)

On August 1, 2019, at Rockey's request, Reese attended a meeting (the "August 1 meeting") with Rockey and District Managers Mike McAndrew and Debra Bender at Northwest Bank's executive offices in State College, Pennsylvania. (*Id.* ¶ 75) At the meeting, Reese went over her year-to-date results and an upcoming advisory board PowerPoint presentation that she had prepared. (*Id.* ¶ 76) As Rockey had invited Reese to raise any other issues of concern, Reese raised her concern that management were jumping to conclusions, assuming the worst even when she had done nothing wrong, were not communicating with her when they thought there was an issue, and creating a hostile work environment for her. (*Id.* ¶ 77) The meeting ended without a resolution because Rockey had to stop so he could attend another conference call. (*Id.* ¶ 78) Reese left the room in tears. (*Id.* ¶ 78)

After the meeting, the managers contacted HR. (*Id.* ¶ 79) They also "joked" about the meeting. (*Id.* ¶ 80) Later that day, HR asked each person at the meeting with Reese (Rockey, McAndrew, and Bender) to submit a written statement recounting everything he or she could recall from the August 1 meeting. (*Id.* ¶ 81) Rockey's, Bender's and McAndrew's statements noted that Reese had said they were subjecting her to a hostile work environment. (*Id.* ¶ 82) None of the statements expressed that Rockey, Bender or McAndrew felt unsafe or worried that Reese would commit violence. (*Id.* ¶ 83) None of the statements reference any statements about guns. (*Id.* ¶ 84)

The next day, however, McAndrew contacted HR again, and claimed for the first time that he was "freaked out" and "concerned" about what Reese might do at a meeting the next week

because Reese "always talks about guns" and "speaks about them more and more." (*Id.* ¶ 85) Many of Northwest Bank's employees own guns and/or have discussed guns and gun-related hobbies in the workplace, including both McAndrew and Rockey, without facing discipline or anyone suggesting they might commit violence because of it. (*Id.* ¶ 87)

On August 5, 2019, HR Representatives Sarah Payne and Rebekah Moore advised Reese that she was being placed on administrative leave because "unspecified others" had felt "threatened" at the August 1 meeting. (*Id.* ¶ 88)

On the morning of August 7, 2019, Northwest Bank was put on notice that Reese's placement on administrative leave was retaliation for her assertion of protected rights. (*Id.* ¶ 89) That same day, Northwest Bank's HR Department solicited supplemental statements from McAndrew, Bender and Rockey, as to whether they ever in the past felt threatened or unsafe around Reese and on her alleged statements mentioning firearms. (*Id.* ¶ 90)

Reese remained on involuntary administrative leave for months. (*Id.* ¶ 92) During the leave, Northwest Bank's HR Department never contacted Reese to advise her of any steps taken to investigate and address her pending internal discrimination complaints. (*Id.* ¶ 94) During the leave, Northwest Bank never sought to interview Reese about the August 1 meeting, which was Northwest Bank's purported basis for her discharge. (*Id.* ¶ 95) Northwest terminated Reese effective November 26, 2019. (*Id.* ¶ 96) Northwest classified her separation as a termination for cause. (*Id.* ¶ 98)

### B. EEOC Charge and Investigation

On August 12, 2019, Reese filed a Charge of Discrimination ("Charge One") against Northwest Bank with the Equal Employment Opportunity Commission ("EEOC") alleging sex

and age discrimination, and retaliation, which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"). (*Id.* ¶ 100) On December 17, 2019, Reese filed a second Charge of Discrimination ("Charge Two") against Northwest with the EEOC, alleging sex and age discrimination, and retaliation, which was also dual-filed with the PHRC. (*Id.* ¶ 101) In the course of EEOC's investigation, Northwest Bank submitted emails and written statements by McAndrew and Bender. (ECF No. 10-1 at 14, 17–18) On October 5, 2020, the EEOC issued Notices of Right to Sue on both Charges. (*Id.* ¶ 102)

### III. Legal Standard

The Court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) where the complaint fails "to state a claim upon which relief can be granted." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). But detailed pleading is not generally required. *Id.* The Rules demand only "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of what the claims are and the grounds upon which they rest. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.[2] *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). First, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Id.* Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d

---

[2] Although *Iqbal* described the process as a "two-pronged approach," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), the Supreme Court noted the elements of the pertinent claim before proceeding with that approach, *see id.* at 675–79. Thus, the Third Circuit has described the process as a three-step approach. *See Connelly*, 809 F.3d at 787; *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 n.4 (3d Cir. 2011) (citing *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).

Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth.") (citation omitted). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.; see also Connelly*, 809 F.3d at 786. Ultimately, the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

IV.  Discussion

   A. The Parties' Arguments

Moving Defendants argue that Reese failed to exhaust her administrative remedies with regard to her PHRA claims against them because she did not specifically name them in her administrative complaint as persons who had allegedly committed acts of discrimination. (ECF No. 5 at 3) Moving Defendants contend that the only by-name mention of them is in EEOC Charge One and it merely states that they were in attendance at the August 2019 meeting. (ECF No. 6 at 8) Unlike Reese's Complaint which contains specific actions of the Moving Defendants are alleged to have committed, the administrative complaints are "wholly devoid of any actual conduct by [Moving Defendants]." (ECF No. 6 at 8–9) Thus, Moving Defendants contend that Reese's PHRA claim against them has not been properly exhausted. (ECF No. 6 at 9)

Reese responds that both Moving Defendants were specifically named in the body of the administrative charge and that doing so was sufficient to exhaust her PHRA claims against the Moving Defendants. (ECF No. 10 at 7) Further, Reese contends that Moving Defendants' actions

were reviewed by the EEOC and were within the scope of its investigation which is also sufficient to satisfy the exhaustion requirement. (*Id.* at 10–11)

### B. PHRA Exhaustion Requirement

A plaintiff who wishes to bring a PHRA claim must first exhaust her administrative remedies. *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997); *Clay v. Advanced Comput. Applications, Inc.*, 559 A.2d 917, 919 (Pa. 1989). "The 'relevant test' for determining whether a later claim needs to be exhausted despite the filing of a previous charge is a two-pronged inquiry into whether 'the acts alleged in the subsequent . . . suit are fairly within the scope of [1] the prior EEOC complaint, or [2] the investigation arising therefrom.'" *Simko v. United States Steel Corp*, 992 F.3d 198, 207 (3d Cir. 2021) (quoting *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984)) (alterations in original).

To fully exhaust an aiding and abetting claim under the PHRA against a particular defendant, the plaintiff must have specifically named that defendant as a person alleged to have committed acts of discrimination in her administrative complaint.[3] 43 Pa. Cons. Stat. § 959; *see Carroll v. Comprehensive Women's Health Servs.*, No. 3:16-CV-1509, 2017 WL 194285, at *3 (M.D. Pa. Jan. 18, 2017). The defendant does not have to be named in the caption of the case and just mentioning the defendant in the body of the administrative complaint gives the defendant the requisite notice so that judicial relief may be sought under the PHRA. *DuPont v. Slippery Rock Univ. of Pa.*, No. 2:11-CV-1435, 2012 WL 94548, at *3 (W.D. Pa. Jan. 11, 2012); *see Carroll*, 2017 WL

---

[3] Unlike Title VII, the PHRA provides for individual liability in cases where a person aids and abets discriminatory acts. *Carroll v. Comprehensive Women's Health Servs.*, No. 3:16-CV-1509, 2017 WL 194285, at *3 (M.D. Pa. Jan. 18, 2017). Under the PHRA, it is unlawful for "any person . . . to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice." 43 Pa. Cons Stat. § 955(e).

194285, at *3; *Bartlett v. Kutztown Univ.*, No. CIV.A. 13-4331, 2015 WL 766000, at *15 (E.D. Pa. Feb. 23, 2015); *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 398–99 (E.D. Pa. 2002) (stating that a plaintiff's claims are preserved as long as the defendant is named "in the body of the EEOC administrative complaint because it provides the defendants with the requisite notice that their conduct is under formal review" and that "[i]t is not necessary that the defendant[] be named in the caption as a respondent"). "[T]he parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination, including new acts which occurred during the pendency of proceedings before the [EEOC]." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013) (quoting *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398–99 (3d Cir.1976)) (alteration in original). Alternatively, even when a party is not named, the exhaustion requirement is satisfied where an unnamed party "received notice and when there is a shared commonality of interest with the named party." *Schafer v. Bd. of Pub. Educ.*, 903 F.2d 243, 252 (3d Cir. 1990); *see Rice v. Kobialka*, No. 2:13-CV-347, 2013 WL 3466803, at *4 (W.D. Pa. July 10, 2013).

### C. The Court Denies Moving Defendants' Partial Motion to Dismiss.

With respect to McAndrew and Bender, EEOC Charge One provides:

53. On August 1, 2019, Reese was asked to attend [] a meeting with Rockey, and District Managers Mike McAndrew and Deb Bender in State College. (ECF No. 5-1 ¶ 53)

54. At the Meeting, Reese went over her year-to-date results (she was on track to meet or exceed all goals), and an upcoming advisory board presumption.

55. As Rockey had invited her to raise any other issues of concern, Reese brought forth her concern that management were jumping to conclusions, assuming the

> worst even when she had done nothing wrong, not communicating with her when they thought there was an issue, and creating a hostile work environment for her.[4]

(ECF No. 5-1 at 7) In addition, Paragraph 57 provides:

> 57. Two business days later, on August 5, 2019, HR. Reps. Payne and Moore contacted [Plaintiff] and told her that she was being placed on administrative leave as unspecified others had felt threatened at the August 1, 2019 meeting.

(ECF No. 6 at 5)[5] EEOC Charge Two further provides that "Northwest never sought to interview Reese about the August 1, 2019 events that were the bank's purported (pretextual) basis for her discharge." (ECF No. 5-1 at 9 ¶ 8) Although these are the only references to McAndrew and Bender in the administrative complaint, they *are* nonetheless named in the body of the EEOC administrative complaint. "A plaintiff's claims are preserved as long as she names the defendants in the body of the EEOC administrative complaint because it provides the defendants with the requisite notice that their conduct is under formal review." *McInerney*, 244 F. Supp. 2d at 398; *see Bartlett v. Kutztown Univ.*, No. CIV.A. 13-4331, 2015 WL 766000, at *16 (E.D. Pa. Feb. 23, 2015) (concluding that "fleeting references" to defendants in the administrative complaint is sufficient to put defendants on notice and constitute administrative exhaustion). Thus, the references to

---

[4] A court "may consider the EEOC charge and related EEOC documents, including the letter from the EEOC summarizing its investigation, the right to sue letter, and the intake questionnaire, either as undisputed documents referenced in the complaint or central to the plaintiff's claim, or as information which is a matter of public record, without converting this motion to one [for] summary judgment." *Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000), *aff'd*, 276 F.3d 579 (3d Cir. 2001); *see Angstadt v. Midd–W. Sch. Dist.*, 377 F.3d 338, 342 (3d Cir. 2004) ("[A] document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.").

[5] The copy of EEOC Charge One provided to the Court ends at Paragraph 55. (ECF No. 5-1 at 7) However, Moving Defendants' brief quotes Paragraph 57 in full. (ECF No. 6 at 5)

Moving Defendants are sufficient to exhaust Reese's administrative remedies for her PHRA claim against them.

Further, although the administrative complaint is scant on details about McAndrew's and Bender's involvement, it can reasonably be inferred from the administrative complaint that they were alleged to have committed acts of discrimination and their conduct during and after the August 1 meeting was under formal review. *See McInerney*, 244 F. Supp. 2d at 398; *Carroll*, 2017 WL 194285, at *3. The only individuals at the August 1 meeting with Reese were Rockey, McAndrew, and Bender. (ECF No. 5-1 at 7) Reese was informed that "unspecified others" had felt threatened at that meeting, and the events at that meeting were used as pretext for firing Reese. (ECF No. 6 at 5) Notably, "unspecified *others*" is plural meaning that at least two of the individuals and the meeting—and thus McAndrew, Bender, or both—informed Human Resources that they felt threatened. The administrative complaint also alleges that what happened at the meeting was the bank's basis for her discharge. Thus, the administrative complaint's emphasis on the August 1 meeting provided Moving Defendants notice that their conduct was under formal review.

Finally, Moving Defendants' conduct was "fairly within the scope of . . . the investigation arising" from the EEOC complaint. *Antol*, 82 F.3d at 1295. "[T]he parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Atkinson v. LaFayette Coll.*, 460 F.3d 447, 453 (3d Cir. 2006) (quoting *Ostapowicz*, 541 F.2d at 398–99). During the investigation, Northwest Bank submitted a position statement that discussed in detail the events that occurred at the August 1 meeting. (ECF No. 10-1 at 9) The position statement states that both McAndrew and

Bender contacted Human Resources after the meeting and thereafter each "prepared a short written statement" about what occurred at the meeting. (ECF No. 10-1 at 9, 14–26) Thus, Moving Defendants' actions related to the August 1 meeting were "fairly within the scope of . . . the investigation" to satisfy the exhaustion requirement. *Antol*, 82 F.3d at 1295.

V.   **Conclusion**

AND NOW, this 1st day of July, 2021, after consideration of Defendant Michael J. McAndrew and Defendant Debra S. Bender's Partial Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 5), and for the foregoing reasons, **IT IS HEREBY ORDERED** that the Motion is **DENIED**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE