IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VONDA REESE,<br><br>    Plaintiff,<br><br>  v.<br><br>NORTHWEST BANK, NORTHWEST BANCSHARES, INC., JONATHAN E. ROCKEY, MICHAEL J. MCANDREW and DEBRA S. BENDER,<br><br>    Defendants. | Civil Action No. 3:21-cv-00003-KRG<br><br>Judge Kim R. Gibson<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, Northwest Bank, Northwest Bancshares, Inc., Jonathan E. Rockey, Michael J. McAndrew, and Debra S. Bender, by and through their counsel, McNees Wallace & Nurick LLC, hereby move for Summary Judgment pursuant to Fed. R. Civ. P. 56, and Local Rule 56(A), and in support thereof state the following:

1. Plaintiff Vonda Reese ("Plaintiff") initiated this matter by filing a Complaint on or about January 4, 2021. (Doc.1).

2. Plaintiff's Complaint alleges the following violations: Count I: Violation of Title VII of the Civil Rights Act of 1964 (Sex Discrimination, Retaliation); Count II: Violation of the Age Discrimination in Employment Act of 1967 (Age Discrimination, Retaliation); Count III: Violation of the Pennsylvania Human Relations Act (Age Discrimination, Sex Discrimination, Retaliation); Count IV: Breach of Contract; Count V: Violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. §260.1, *et seq.*

3. Defendants Northwest Bank, Northwest Bancshares, Inc., and Jonathan E. Rockey filed an Answer to the Complaint on or about March 8, 2021. (Doc. 7).

4. Defendants Michael J. McAndrew and Deborah S. Bender filed a Partial Motion to Dismiss the Complaint on March 8, 2021. (Docs. 5 and 6).

5. Plaintiff filed a timely response to the Motion to Dismiss on March 29, 2021. (Doc. 10).

6. The Motion to Dismiss was denied by the Court on July 1, 2021. (Doc. 22).

7. Defendants sought, and were granted, leave to file an Amended Answer to the Complaint, which was filed on May 20, 2022. (Docs. 39 & 40).

8. The parties participated in extensive discovery which closed on August 31, 2022. (Doc 44.)

9. Pursuant to the Court's scheduling order filed on October 17, 2022. (Doc. 47), Defendants now move for summary judgment on all Counts contained in Plaintiff's Complaint.

10. Summary judgment is appropriate under Federal Rule of Civil Procedure 56 where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

11. Plaintiff has failed to establish facts sufficient to prove a violation of Title VII of the Civil Rights Act of 1964 ("Title VII") or the Pennsylvania Human Relations Act ("PHRA") based on sex discrimination or retaliation.

12. Despite extensive discovery in this matter, Plaintiff has also failed to establish facts sufficient to prove claims of age discrimination or retaliation under the Age Discrimination in Employment Act ("ADEA") or the PHRA.

13. The undisputed facts also clearly establish that Plaintiff cannot prove that Northwest Bank's actions were pretext for discrimination or retaliation.

14. Plaintiff cannot prove that the individual defendants, Jonathan E. Rockey, Michael J. McAndrew, and Deborah S. Bender aided and abetted discrimination or retaliation because none of these individuals were involved in the actions that constitute adverse employment actions under the PHRA.

15. Plaintiff cannot prove that Northwest Bank's designation of her termination as for "Cause", is a breach of contract under Bancshares' 2008, 2011 and 2018 Equity Incentive Plans.

16. Plaintiff has failed to establish facts that prove that the Northwest Bank violated the Pennsylvania Wage Payment and Collection Law (43 P.S. §260.1, *et. seq.*) when Plaintiff's incentive stock awards were forfeited under the terms of the 2008, 2011 and 2018 Equity Incentive Plans.

17. Because there are no material facts in dispute that would allow Plaintiff to prove each of her legal claims, Defendants are entitled to summary judgment as a matter of law.

18. Defendants incorporate by reference their Statement of Material and Undisputed Facts, the corresponding Appendix, and their Brief in Support of the Motion for Summary Judgment, each of which are filed contemporaneously herewith pursuant to Local Rule 56(B).

[INTENTIONALLY LEFT BLANK]

WHEREFORE, Defendants respectfully request that the Court grant the Defendants' Motion for Summary Judgment, dismiss, with prejudice, all Counts in Plaintiff's Complaint, and enter judgment in favor of Defendants and against Plaintiff Vonda Reese.

                                        Respectfully submitted,

                                        McNEES WALLACE & NURICK LLC

                                        By:   */s/Mark A. Hipple*
                                              Jennifer E. Will (I.D. No. 84824)
                                              Mark A. Hipple (I.D. No. 312109)
                                              M. Abbegael Giunta (I.D. No. 94059)
                                              100 Pine Street
                                              P.O. Box 1166
                                              Harrisburg, PA 17108
                                              (717) 232-8000

                                        *Attorneys for Defendants*

Date: November 18, 2022

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this date a true and correct copy of the foregoing document was served upon the following attorney for Plaintiff under the ECF Guidelines of this Court:

STEMBER COHN &
DAVIDSON-WELLING, LLC
Maureen Davidson-Welling, Esquire
Jonathan K. Cohn, Esquire
The Hartley Rose Building
425 First Avenue, 7th Floor
Pittsburgh, PA  15219
mdw@stembercohn.com
jcohn@stembercohn.com

Date:  November 18, 2022               */s/Mark A. Hipple*
                                        Mark A. Hipple